FREDERICK S. ARMSTRONG ET AL., Complainants,

*v.*

ISABEL LOPEZ CRUZ ET AL., Dfts.

---

CHARLES W. FOWLER, Complainant,

*v.*

ISABEL LOPEZ CRUZ ET AL., Dfts.

---

San Juan, Equity, (Consolidated.) No. 1092.

Opinion filed December 5, 1923.

---

*Mr. Jaime Sifre, Jr.,* for complainants Frederick S. Armstrong et al.

*Mr. J. Henri Brown* for Charles W. Fowler, petitioner.

*Hon. Miguel A. Muñoz,* Acting Attorney General of Porto Rico, and *Mr. J. A. Lopez Acosta,* Assistant Attorney General of Porto Rico, for the treasurer of Porto Rico.

*Mr. Henry G. Molina* for the receiver.

ODLIN, Judge, delivered the following opinion:

In this case there was filed in the office of the clerk of this court on September 19, 1923, a petition on behalf of Charles W. Fowler for the adjudication of a certain mortgage credit held by him, praying that the court direct that the same be satisfied out of the proceeds of the foreclosure sale which took place in August, 1923, which proceeds are now in the bank in the name of the receiver appointed by this court.

The only opposition to this petition which has been presented to this court comes from the Acting Attorney General of Porto Rico and his assistant, representing the treasurer of Porto Rico, and it appears that the original mortgagor, now deceased, and whose widow and heirs are defendants in the original proceeding, was charged with the payment of certain income taxes and Workmen's Relief premiums; and it is argued by counsel for the treasurer of Porto Rico that these items have a preference over the payment of a mortgage lien out of the funds resulting from the sale of the mortgaged property.

In order to decide this question it is not necessary for this court to pass again upon the validity or invalidity of the law creating the Workmen's Relief Commission in the Island of Porto Rico. This question is now pending before the Supreme Court of the United States upon an appeal from the undersigned judge. For the purposes of the present hearing we may assume that the Workmen's Relief Commission is legally constituted and that the decision of this court was erroneous and will be reversed. The undisputed fact remains that not only

with regard to premiums charged in connection with the Workmen's Relief Commission, but also income taxes due to the treasury of Porto Rico arise out of statutes which do not provide for any lien upon real estate. It is of course admitted that the second mortgage now held by Charles W. Fowler was originally executed in the month of September, 1917, and was afterwards ratified and modified by a notarial instrument in 1918, which mortgage was duly recorded, and described the same property which has already been sold under the first mortgage held by Charles W. Fowler under a decree of this court entered on June 18, 1923, in and by which said decree the said Charles W. Fowler was expressly authorized to present and prove this said second mortgage note and indebtedness for satisfaction out of the amount for which said properties were to be sold, after satisfaction and payment of the first mortgage mentioned in said decree.

In short, the case resolves itself into a dispute between a party that has a lien and a party that has no lien. Therefore, it seems to me that there is no other course open for this court than to sign a decree in accordance with the petition above referred to as having been filed September 19, 1923, which decree has been presented and has this day been signed by me.

I am clear that the remedy for the treasurer of Porto Rico is against the estate of the deceased Enrique Bird Arias and that said claim cannot lawfully be allowed by this court out of the funds now in the hands of Mr. Albert E. Lee, as receiver, which funds were derived from the sale of real estate upon which liens existed for many years previous to the institution of the proceeding in this court.

To this ruling counsel for the treasurer of Porto Rico excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 5th day of December, 1923.